**This order is SIGNED.**

**Dated: June 6, 2019**


**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 04-25018 |
|---|---|
| Roy Nielsen Hafen, | Chapter 7 |
| Debtor(s). | Honorable William T. Thurman |

**MEMORANDUM DECISION ON DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE ORDER**

The matter before the Court is the Debtor's Motion for Sanctions for Violation of the Discharge Order (the "Motion for Sanctions"). The Court conducted an evidentiary hearing on May 31, 2019. Chris Schmutz appeared on behalf of the Debtor. Matthew Ekins appeared on behalf of Larry J. Adams, Jed R. Christensen, Kirk R. Harrison, Rodger Oldroyd, and Randy T. Simonsen (collectively the "Creditors").

After review of the pleadings filed, and based upon the oral arguments and evidence presented by the parties at the hearing, the Court took the matter under advisement and issues this Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).

1

**I.     Jurisdiction, Venue and Notice**

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408. Notice of the hearing is found to be adequate in all respects.

**II.    Facts**

Many of the facts alleged in this case are before another court for determination. This Court will describe the undisputed facts related to the Debtor's bankruptcy, and then describe further facts that have been alleged by the Creditors and set forth in the Creditors' First Amended Complaint, which is before Judge Walton in the Fifth Judicial District Court of Utah (the "Lawsuit"). A basic understanding of the allegations is necessary to determine whether or not the Creditors have violated the discharge injunction. The description of the alleged facts in no way determines whether or not the events took place, as that is not before this Court for determination.

The Debtor filed a Chapter 7 bankruptcy petition on March 30, 2004. Each of the Creditors, other than Kirk R. Harrison, was a prepetition creditor of the Debtor, and was listed in the schedules and on the creditor matrix filed by the Debtor. Each creditor received proper notice of the bankruptcy. Kirk R. Harrison acquired the claim of Scott Smith, a pre-petition creditor of the Debtor who was also listed in the schedules and received notice of the bankruptcy case. The Creditors do not contest that they received timely notice of the bankruptcy.

The Debtor's schedules show that the Debtor owned no real property on the filing date, and show approximately $10,000 in personal property. The Trustee's Final Report shows estate receipts of approximately $6,600. Most of this amount was obtained by selling a horse trailer and

a fifth wheel trailer. The debtor received his discharge on July 21, 2004. The bankruptcy case was closed on May 11, 2005.

The Creditors filed a motion to reopen the bankruptcy case on June 19, 2018. That motion was granted, and the case was reopened on August 17, 2018 and a chapter 7 trustee was appointed. On or about June 19, 2018, the Creditors filed the Lawsuit in state court against the Debtor and several co-defendants.

The Lawsuit alleges that, between 2000 and 2002, the Debtor sold unregistered securities to the Creditors, which resulted in defrauding the Creditors out of a substantial sum of money. The Lawsuit contains the following causes of action against the Debtor and co-defendants:

(1) Fraudulent Concealment against the Debtor;
(2) Constructive Fraud against the Debtor;
(3) Fraudulent Misrepresentation by the Debtor;
(4) Unlawful Sale of Unregistered Securities by the Debtor;
(5) Securities Fraud by the Debtor;
(6) Breach of Fiduciary Duty against the Debtor;
(7) Negligent Misrepresentation against the Debtor;
(8) Civil Conspiracy against the Debtor and co-defendants;
(9) Fraudulent Transfer against the Dtr and co-defendants;
(10) Declaratory Judgment against the Dtr and co-defendants;
(11) Alter ego against the Debtor and co-defendants;
(12) Unjust Enrichment for Constructive Trust against the Debtor and co-defendants.[1]

The Lawsuit also alleges that the Debtor transferred ownership of real property, and valuable personal property, to the co-defendants, which include relatives and closely-held business entities. The Lawsuit alleges that the transfers were fraudulent, and were done with the intent to conceal assets during the bankruptcy case.

In the Lawsuit, the Creditors seek to establish the Debtor's liability for damages owed based on the actions related to the sale of the unregistered securities. The Creditors seek to

---

[1] *See* First Amended Complaint pp. 17-37, filed as Exh. A to the Objection to Motion for Sanctions for Violation of the Discharge Injunction, Dkt. No. 50.

recover those amounts, not from the Debtor personally,[2] but from real and personal property that was allegedly transferred by the Debtor to the co-defendants before the bankruptcy petition was filed.

### III.    Matters Before the State Court

The proceedings in the state court have come to a halt while the parties litigate the discharge injunction issue before this Court. This has resulted in a unique bifurcation of the legal issues, which the Court makes mention of here.

A question was raised about the standing of the Creditors to pursue these claims in the state court proceeding. This Court does not decide whether or not the Creditors have standing to pursue these claims or whether the reappointed Chapter 7 Trustee would have standing. The parties have stated that the standing issues will be brought before the state court. To the Court's knowledge, the chapter 7 Trustee has not made an appearance in the Lawsuit.

Much of the conduct allegedly giving rise to liability took place many years ago. The parties have agreed to pursue any defenses related to the statute of limitations before the state court.

Accordingly, the Court makes no findings about the standing of the parties, or whether or not any of the claims would be barred by a statute of limitations. The Court also does not consider any issues involving 11 U.S.C. § 523(a) or (c).

---

[2] Paragraph 85 of the First Amended Complaint states: "Plaintiffs seek a finding of liability against Roy Hafen for the fraudulent concealment of assets and not recovery against Roy Hafen personally." Paragraph N of the Prayer for Relief in the First Amended Complaint states: "For a judgment against Defendants in favor of Plaintiffs for all amounts owing to Plaintiffs, excluding Defendant Roy Hafen. Plaintiffs request a finding of liability against Roy Hafen, but not to recovery [sic] against Roy Hafen personally." *See* Objection to Motion for Sanctions for Violation of the Discharge Injunction, Dkt. No. 50 at Exh. A, para. 85.

**IV.    The Discharge Injunction**

Section 524 of the Bankruptcy Code sets forth the basic protection of the bankruptcy discharge. The discharge order "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under Section 727, . . . whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1).[3] The discharge injunction also "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." § 524(a)(2). These prohibitions are generally referred to as the discharge injunction. "The intent of this post-discharge injunction is to protect debtors . . . in their financial 'fresh start' following discharge." *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991).

The discharge injunction generally prohibits any lawsuit based on a debtor's actions that occurred before the bankruptcy petition was filed. There are several exceptions to the discharge injunction, however, and the Creditors are relying on § 524(e), which provides that, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

The Tenth Circuit Court of Appeals discussed the applicability of § 524(e) in *In re Walker*, 927 F.2d 1138 (10th Cir. 1991). The debtor in *Walker* was a licensed realtor. The creditors sought to recover damages caused by the debtor's actions from the Real Estate Recovery Fund established in Utah, which is a monetary fund established to satisfy judgments against real estate licensees for actions based on fraud, misrepresentation or deceit committed in real estate transactions. *See id.* at 1140; Utah Code Ann. § 61-2a-1 et seq. (current version at

---

[3] All statutory references are to Title 11 of the United States Code, unless otherwise indicated.

Utah Code Ann. § 61-2f-501 et seq.). The court determined that the discharge injunction did not bar the creditors from filing a lawsuit naming the debtor as a party to establish the debtor's liability, because the creditors sought recovery from a fund that was created to satisfy such liability rather than from the debtor personally.

It is well established that the discharge injunction does not bar actions against a nondebtor guarantor of the discharged debt. *See e.g.*, *Sure-Snap Corp. v. Vermont Indus. Dev. Authority (In re Sure-Snap Corp.)*, 983 F.2d 1015 (11th Cir. 1993) (the guarantor remained liable for attorney fees as allowed by the terms of the guarantee, though the debtor was discharged); *Sandy Ridge Dev. Corp. v. Louisiana Nat'l Bank*, 881 F.2d 1346 (5th Cir. 1989) (the confirmation of a chapter 11 plan does not release the guarantors from liability). An action to establish the debtor's liability in order to permit recovery from the debtor's insurer also would not run afoul of the discharge injunction. *See In re Walker*, 927 F.2d at 1142 (citing *Owaski v. Jet Florida Sys., Inc. (In re Jet Florida Sys.)*, 883 F.2d 970, 976 (11th Cir. 1989)). Foreclosing a judicial lien on the debtor's condominium did not violate the discharge injunction because the creditors did not seek to recover the debt "as a personal liability of the debtor." *In re Van Winkle*, 583 B.R. 759, 770 (10th Cir. BAP 2018).

The creditors in *In re Robben*, 562 B.R. 469 (Bankr. D. Kan. 2017) were also seeking to establish the Debtor's liability for misrepresentation, fraud, and breach of fiduciary duty for inducing the creditors to invest in a project that eventually failed. The applicable part of the *Robben* case involved the creditors' request to proceed against the debtor on discharged claims because third parties might be liable for any judgments entered against the debtor on these claims. In that case, the Honorable Dale Somers was reluctant to rule on that question because, in that specific case, the argument was still speculative and undeveloped. The third parties who

6

might be liable were not identified, and the basis for any third-party liability was not alleged in the complaint. *See id*. at 480. That court stated that ruling on the applicability of any § 524(e) limit would be better made after discovery had been completed, and the nature of the alleged third-party liability could be stated with more certainty. Accordingly, as the facts in that case were inapposite from the present situation, the ruling is not entirely applicable here, however, its reasoning is instructive.

The Court is cognizant of the policy reasons that underlie the discharge injunction. "A debtor's discharge is intended to preserve the debtor's fresh start, but not to provide a shield for third parties, such as insurers, who may be liable on the debtor's discharged claims." *In re Robben*, 562 B.R. at 479. "It is well established that [§ 524(e)] permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when, as here, establishment of that liability is a prerequisite to recovery from another entity." *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991).

The word "prerequisite" as used in *Walker* seems to be the key to discerning when litigation is appropriate under § 524(e) and when it is not. In the cases cited previously, the responsibility of the third-party entity was already clear once the debtor's liability was established, whether that was a guarantor, an insurer, a recovery fund or real property in the debtor's name. In other words, establishing the debtor's liability was only a prerequisite to access assets or funds that were already available. Litigation against a debtor without a clear and credible explanation of the third party which would be available for collection would violate the discharge injunction. The Court relies on the way this distinction was applied by Judge Somers in the *Robben* case where he declined to rule on the applicability of § 524(e) until the theory of liability had been more precisely explained, and the parties properly identified. *See Robben*, 562

7

B.R. at 480 ("A ruling on the applicability of the § 524(e) limit on the discharge injunction is better made after discovery has been completed and the District Court Case is ready for trial, when the nature of the alleged third-party liability can be stated with more certainty.")

In the case currently before the Court, the responsibility of the third-party codefendants has not yet been established, but the complaint in the Lawsuit sets forth specific factual allegations involving specific parties, and a well-established legal theory to explain the alleged third-party liability. This Court does not offer any opinion on the strength of the factual allegations or legal theories in the Lawsuit, but notes that they appear to be well-developed and concrete. Vague facts and speculative legal theories would not meet the standard of being a "prerequisite" under *Walker.*

Importantly, the Creditors' Complaint states that it does not seek personal recovery from the Debtor. The parties discussed at length the difference between *in rem* claims and *in personam* claims. The Creditors argued that because they intend to pursue recovery from property, the claims are thus *in rem* and do not involve personal liability. The Debtor argues that because the personal liability of the Debtor is at issue, the claims are necessarily *in personam.* While the distinction between *in rem* and *in personam* claims has been discussed by other courts,[4] the Court does not believe that characterizing the claims is necessary to apply the controlling law in the Tenth Circuit. The crucial fact is that the Creditors state repeatedly in their Lawsuit that they do not intend to collect from the Debtor personally, and that they identify other property and parties who will bear the liability. Section 524(a)(2) prohibits activity "to collect, recover or offset any such debt as a personal liability of the debtor."

---

[4] *See In re Rountree*, 448 B.R. 389, 401 (Bank. E.D. Va. 2011) ("The discharge injunction prohibits a creditor from enforcing a discharged claim against a debtor *in personam*, but the discharge injunction does not prohibit the creditor from enforcing an *in rem* claim against the debtor's property.")

The parties have asserted that, for § 524(e) to apply, the Debtor would need to be both "nominal and necessary" to the Lawsuit. It appears that they draw these terms from brief mentions in the persuasive and controlling cases. The court in *Robben* referred to the fact that the creditors in that case did not state that the debtor was "only a nominal defendant as to such claims." *In re Robben*, 448 B.R. at 480. The Tenth Circuit used the word "necessary" in a footnote, when it stated: "Indeed, in keeping with the narrow breadth of section 524(a) and the mandate of section § 524(e), the fact that the debtor may be involved in the ensuing litigation, even named as a defendant where necessary to enable recovery against a codefendant (such as a liability insurer), does not permit invocation of section 524(a) to preclude a creditor's post-bankruptcy pursuit of a discharged claim against a third party." *In re W. Real Estate Fund, Inc.*, 922 F.2d 592, 601 n.7 (10th Cir. 1990), *modified sub nom. Abel v. West*, 932 F.2d 898 (10th Cir. 1991).

This Court hesitates to create a legal test that is not clearly set forth in the case law by holding that a Debtor must be both "nominal and necessary" in a lawsuit for the § 524(e) exception to apply. Instead, the Court interprets this argument to mean that a Debtor must not be at risk for personal liability, and that the Debtor's presence is required to establish the elements of the claims. As stated, the Lawsuit does not put the Debtor at risk for personal liability. However, establishing that liability in order to recover from other individuals or entities requires the Debtor's presence in the Lawsuit. It would not be possible to prove the Debtor's actions without the Debtor's involvement.

Accordingly, this Court finds and concludes that the Lawsuit fits within the exception to discharge defined in § 524(e).

## V. Sanctions for Violating the Discharge Injunction

The Debtor has requested an award of damages, alleging that he has suffered actual damages in the form of attorney's fees and costs to defend against the Lawsuit and to file this Motion for Sanctions. Because this Court has determined that the Lawsuit did not violate the discharge injunction, no damages will be awarded.

## VI. Conclusion

For the foregoing reasons, the Court finds and concludes that the Lawsuit does not violate the discharge injunction, and therefore the Debtor's Motion for Sanctions will be DENIED.

An order accompanies this memorandum decision.

## DESIGNATION OF PARTIES TO RECEIVE SERVICE

Service of the foregoing **MEMORANDUM DECISION ON DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE ORDER** will be effected through the Bankruptcy Noticing Center to each party listed below:

By CM/ECF to:

- Adam S. Affleck    asa@pyglaw.com, docket@princeyeates.com;andalin@princeyeates.com
- J. Kevin Bird    jkevinbird@birdfugal.com
- J. Kevin Bird tr    jkevinbird@birdfugal.com, kbird@ecf.epiqsystems.com;kbtrustee@aol.com;melanie@birdfugal.com;jkb@trustesolutions.net
- Matthew D. Ekins    matt@utahcase.com, amanda@utahcase.com;ecarson@utahcase.com
- Thomas D. Neeleman    courtmail@expresslaw.com, jennifer_neeleman@hotmail.com
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- Chris L. Schmutz    chrisschmutz.pc@gmail.com, hillaryschmutz@yahoo.com;r60588@notify.bestcase.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

By U.S. Mail to:

None