**This order is SIGNED.**

**Dated: November 1, 2021**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 04-25018 |
|---|---|
| Roy Nielsen Hafen, | Chapter 7 |
| Debtor(s). | Honorable William T. Thurman |

**Ruling on the Chapter 7 Trustee's Modified Purchase and Sale Agreement**

The matter before the Court at this time is the Trustee's Motion for Order Authorizing Sale (ECF No. 126), in light of the Trustee's most recent Notice of Modified Purchase and Sale Agreement (ECF No. 198) (together referred to herein as the "Third Motion to Sell"). This matter has a very extensive history that accompanies it. Although the Court will address some of this history throughout this ruling, for a more complete understanding of the history and context of the current matter, the Court references its two prior Memorandum Decisions: (1) dated December 7, 2020 found at ECF No. 116 ("2020 Memorandum Decision"); and, (2) dated September 23, 2021 found at ECF No. 197 ("Motion to Reconsider Decision").[1] The Court adopts the findings and conclusions made within each of those rulings as they are intricately involved in the Court's ruling today.

---

[1] Additionally, the Court would like to note that the current ruling is wholly separate and apart from a contempt motion, which was remanded by the 10th Circuit Bankruptcy Appellate Panel.

As for the current matter, the Court held an evidentiary hearing regarding the Third Motion to Sell on July 16, 2021.  That hearing was continued without date until a ruling on the Trustee's and a group of the Debtor's creditors' ("Harrison Group") Motions to Reconsider.  After the Court ruled on the Motions to Reconsider, and by the consent of all parties, the evidentiary hearing on the Third Motion to Sell was continued to October 22, 2021.  Prior to the hearing, the Trustee filed Notice of Modified Purchase and Sale Agreement, ECF No. 198 filed on October 21, 2021.  This Modified Purchase and Sale Agreement ("Modified Agreement") for the Third Motion to Sell represents the only matter before the Court at this time.  The parties agreed that no further notice was required to consider the Modified Agreement.

Based on the record before the Court, the Trustee currently has two offers on hand regarding certain properties of the estate.  Briefly stated, the Harrison Group has offered $26,000 for: the estate's interest in the C.A.R. Trust and the C.A.R. A Trust; assignment of all claims and choses in action belonging to the estate, except those rights and claims associated with the Trustee's avoidance powers; and, the Trustee's agreement to <u>not</u> exercise, prosecute, settle, or sell any rights or claims under the Trustee's avoidance powers.[2]  Conversely, a group made up of the Debtor's family members (the "Debtor's Affiliates") had offered $18,000 for different property, specifically: to settle any and all claims related to both federal bankruptcy and state law avoidance actions; and, the estate's interest in the C.A.R. A Trust and related water rights.[3]  However, the Court notes that during the October 22, 2021 hearing, counsel for the Debtor's Affiliates represented that the group would be inclined to redefine their offer to <u>only</u> be for the settlement of avoidance actions.

---

[2] ECF No. 198, Exhibit A.
[3] ECF No. 161, Exhibit R.

Upon hearing the arguments made at that October 22, 2021 hearing, the Court approves the Trustee's Third Motion to Sell, in light of its Modified Purchase and Sale Agreement.

**JURISDICTION AND VENUE**:

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), and (O), and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408. The Court finds notice for considering the motion to approve the Third Motion to Sell as well as the Modified Agreement to be adequate and proper in all respects.

**DISCUSSION**:

The Trustee requests that the Court enter its order authorizing the Third Motion to Sell, which includes the Modified Agreement, allowing the Trustee to execute and fulfill the Modified Agreement with the Harrison Group. Previously, the Court authorized the sale of water rights, any interests under the C.A.R. Trust or C.A.R.A. Trust, as well as any interests in ACOM, LLC and DANIEL ROY HAFEN, LTD (entities that the Debtor may have had an ownership interest in) so long as any rights of refusal were properly adhered to.[4] However, the Court never authorized any sale or agreement regarding any avoidance actions available to the Trustee under Chapter 5 of the Bankruptcy Code. *See, e.g.*, 11 U.S.C. §§ 544, 545, 547, 548, 549, 550. Moreover, the Trustee has explicitly excepted avoidance claims and powers from the Purchase and Sale Agreement as stated in the Third Motion to Sell.[5] With that being said, the Trustee's and Harrison Group's Modified Agreement would seemingly comply with prior rulings of this Court—specifically, the 2020 Memorandum Decision—and should thereby be approved. Nonetheless, the Debtor and Debtor's Affiliates have objected to the Modified Agreement,

---

[4] 2020 Memorandum Decision, ECF No. 116.
[5] *See* Third Motion to Sell, ECF No. 126 at 4; *see also* Modified Agreement, ECF No. 197, Exhibit A.

3

focusing their objections to Section 3 of the Agreement, which outlines the interests to be purchased.[6] Discussion on each subsection, and the current objections, follows:

a) Subsection 3(a) provides for the Trustee's assignment of all interests in the C.A.R. and C.A.R. A Trust. More specifically:

> [T]he Trustee's assignment of all of the Debtor's interests in tangible or intangible property (including claims and choses in action), which became property of the estate on the petition date, whether disclosed or undisclosed by the Debtor and whether known or unknown by the Trustee, including the Debtor's interests, if any, in the C.A.R. Trust and that C.A.R.A. Trust and any certificated, uncertificated, or appurtenant water rights belonging to the Debtor BUT excluding the Debtor's interests, if any, in DRH that, as of the Effective Date, are subject to first rights of refusal asserted by the entity owners.

ECF No. 197, Exhibit A. There were no objections to this subsection at the October 22, 2021 hearing. As such, the Court finds no need to further analyze this subsection.

b) Subsection 3(b) is the first subsection to raise interests related to "avoidance powers," the crux of the Debtor and Debtor's Affiliates' objections to the Third Motion to Sell. Subsection 3(b) provides for the Trustee's assignment of all claims and choses in actions of the estate, <u>except</u> for those rights and claims related to any avoidance powers under Chapter 5 of the Bankruptcy Code. More specifically:

> [T]he Trustee's assignment of all claims and choses in action that belong to, or may have accrued in favor of, the estate or the Trustee, whether known or unknown by the Trustee, but excepting all rights and claims, if any, of the trustee under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 550.

ECF No. 197, Exhibit A. The Court understands the objections to the Third Motion to Sell are specific to avoidance rights and claims of the Trustee, specifically those within Chapter 5 of the Bankruptcy Code. As the Court sees it, subsection 3(b) explicitly excepts any assignment of the rights and claims held by the Trustee that are associated with Chapter 5 of the Code. As such,

---

[6] ECF No. 197, Exhibit A.

4

there is no issue regarding Chapter 5 avoidance powers, and the Court hereby denies the objections raised by the Debtor and the Debtor's Affiliates to this subsection.

c) Subsection 3(c) is seemingly the precipice on which the opposing parties' contentions and objections rest on the Modified Agreement, and the Third Motion to Sell as a whole. In short, subsection 3(c) provides for the Trustee's agreement *not* to exercise any rights or claims he may have under Chapter 5 of the Code. Specifically, subsection 3(c) states:

> [T]he Trustee's agreement to not exercise, prosecute, settle, or sell any rights or claims under 11 U.S.C. §§ 544, 545, 547, 548, 549 and 550 including, without limitation, any avoidance rights or claims that belong, or belonged, to the Purchaser, their predecessors or assigns, or entities in which they have an interest under applicable law.

ECF No. 197, Exhibit A. The objections to this section focus on several distinguishable cases and the policy rationales therein, as well as the overarching policy of a trustee accepting the highest and best offer. Further, the objectors contend that Subsection 3(c) is tantamount to a transfer of avoidance powers. The Court is not persuaded by this contention based upon the plain language of Subsection 3(c) and buttressed by Subsection 3(b). The Court will now distinguish the three main cases cited to by the opposing parties, which they claim support their position, then address policy factors related therein, and lastly outline the two competing offers and the concept of the highest and best offer.

The opposing parties cite to: *In re Waterford Funding, LLC*, 2017 WL 439308 (Bankr. D. Utah 2017); *In re Boyer*, 354 B.R. 14 (Bankr. D. Conn. 2006); and, *In re Sweetwater*, 884 F.2d 1323 (10th Cir. 1989). The Court finds each case distinguishable from the instant.

In general, the Court finds each case distinguishable due to the fact that there is no actual transfer or assignment of the Trustee's avoidance powers in the instant case. The cases cited by the Debtor and Debtor's Affiliates are entirely focused on the actual transfer or assignment of

5

avoidance powers.[7] Further, the Court additionally finds that this Court's *In re Paige* decision, cited by the Harrison Group, is distinguishable for the same reason. *In re Paige*, 413 B.R. 882 (Bankr. D. Utah 2010), *affirmed by* 685 F.3d 1160 (10th Cir. 2012). As such, each case cited by the parties is distinguishable from the instant. Here, the Harrison Group is not acquiring any right to pursue an avoidance action for their exclusive benefit, like in *Sweetwater*.[8] Rather, the money paid is for assets and a covenant to not pursue avoidance actions. As a whole, the transaction benefits the estate while simultaneously treating all creditors equally.

The Court now briefly shifts its focus to the policy factors regarding transfers of avoidance powers, as addressed by all of the parties at the October 22, 2021 hearing. *In re Moorhead Corp.*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997). However, for the same reasons as cited above the Court finds that this analysis unnecessary. There simply is no transfer of avoidance powers, and therefore no analysis of any policy factors is needed.

As for the Debtor and Debtor's Affiliates' objection, the Court lastly focuses on the issue of the highest and best offer. The Court acknowledges that bankruptcy judges should not simply "'rubber stamp' the trustee's proposal." *In re Depoister*, 36 F.3d 582, 587 (7th Cir. 1994). With that being said, the Court takes the position that while judging a compromise or transaction, a bankruptcy judge "is not to substitute [their] judgment for that of the trustee, and the trustee's judgment is to be accorded some deference." The Court should not be involved during the Trustee's process of making financial or business decisions. Rather, the Court's review of the Trustee's decision "involves a process and the application of criteria fundamentally different

---

[7] *See, e.g., In re Waterford Funding, LLC*, 2017 WL 439308 (Bankr. D. Utah 2017) (finding that the Trustee could not have transferred any underlying claims due to a limitation on avoidance powers transfers); *In re Boyer*, 354 B.R. 14 (Bankr. D. Conn. 2006) (approving a debtor-trustee settlement of claims, despite the trustee receiving an offer from a competitive unsecured creditor); *In re Sweetwater*, 884 F.2d 1323 (10th Cir. 1989) (finding that a specific provision of a Chapter 11 plan allowed for a representative of the estate to pursue avoidance actions).
[8] *In re Sweetwater*, 884 F.2d at 1328.

from those which produce the decision in the first instance." *In re Curlew Valley*, 14 B.R. 506, 513 (Bankr. D. Utah 1981). Here, on the one hand, the Trustee has an offer of $26,000 from the Harrison Group for the property described above and agreeing not to pursue any avoidance rights, and on the other, the Debtor's Affiliates has offered $18,000 to settle any avoidance actions. The Trustee argues that there are significant issues facing any pursuit of the avoidance rights in state court, including the argument that the statute of limitations has run under sections 544 and 546 of the Bankruptcy Code. Simply put, the Court grants deference to the Trustee's *business* judgment; and therein, upon review of the record, sees no reason to not approve the proposed Purchase and Sale Agreement on the basis of a higher and better offer being present, especially when the only other offer is worth less financially. Further, the Court sees no abuse of discretion by the Trustee in seeking approval for transferring the property to the Harrison Group.

**<u>CONCLUSION</u>**:

In conclusion, the Court determines that there is no issue regarding any promise not to prosecute claims by the Trustee. As such, the Court further determines that there is no issue regarding the proposed transaction, believing the proposed agreement is in line with this Court's prior decisions and the precedent presented to the Court. Based on the record, the Court is satisfied that the Trustee engaged in reasonable marketing, accepted the highest and best offer, in a transaction within the Court's prior rulings and any restrictions on transfer, the sale does not implicate the transfer of avoidance rights, negotiations had been at arm's length, and the Purchasers are entitled to the protections of 11 U.S.C. § 363(m). The Third Motion to Sell, as outlined within the Modified Agreement, is **HEREBY APPROVED**. Counsel for the Trustee is requested to prepare an appropriate order for the Court's consideration.

-----------------------------------END OF DOCUMENT-------------------------------------

SERVICE LIST

Service of the foregoing **RULING ON THE CHAPTER 7 TRUSTEE'S MODIFIED PURCHASE AND SALE AGREEMENT** shall be made on the following parties through the CM/ECF system:

- **Adam S. Affleck**    adam-affleck@rbmn.com, andalin-bachman@rbmn.com;affleckar93359@notify.bestcase.com;jennifer-franklin@rbmn.com
- **J. Kevin Bird**    jkevinbird@birdfugal.com
- **J. Kevin Bird tr**    jkevinbird@birdfugal.com, kbird@ecf.epiqsystems.com;kbtrustee@aol.com;melanie@birdfugal.com;jkb@trustesolutions.net
- **Matthew D. Ekins**    matt@utahcase.com, amanda@utahcase.com
- **Thomas D. Neeleman**    courtmail@expresslaw.com, jennifer_neeleman@hotmail.com
- **David L. Pinkston**    dlp@scmlaw.com, ec@scmlaw.com;mw@scmlaw.com
- **Mark C. Rose**    mrose@mbt-law.com, markcroselegal@gmail.com
- **Chris L. Schmutz**    chrisschmutz.pc@gmail.com, hillaryschmutz@yahoo.com;r60588@notify.bestcase.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov